IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAIME COVARRUBIAS | § | |
| v. | § | CIVIL ACTION NO. 6:12cv156 |
| VICTORIA WALLACE, ET AL. | § | |

MEMORANDUM ADOPTING INITIAL REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Jaime Covarrubias, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As defendants, Covarrubias named Victoria Wallace, John Wilson, Gabriel Obrigbo, Officer Gladney, Officer Chamberlain, Sgt. Johnson, Captain McDowell, counsel substitute B. Childress, Wardens Robert Herrera and B. Gordy, central grievance coordinator C. Lawson, and certain unknown defendants, including persons identified as the major use of force investigator, an officer who helped tackle Covarrubias, a supervisor, a designee of the Warden, the Executive Director of TDCJ, the regional director, and an investigator for the Office of the Ombudsman.

Covarrubias complained of an alleged use of force which occurred on April 26, 2010. After review of the pleadings and the testimony at an evidentiary hearing, the Magistrate Judge issued an Initial Report recommending that Covarrubias be allowed to proceed on his claims against officers Wallace, Wilson, and Obrigbo, and that the remaining claims and defendants be dismissed, Covarrubias filed objections to this Initial Report on October 19, 2012.

In his objections, Covarrubias first complains of minor alleged omissions from the Report, such as the fact that the Magistrate Judge did not mention that the defendant Wallace was "wearing a sly smile." He also complains of the fact that the TDCJ records were not provided to him for examination; however, when the Magistrate Judge ordered the remaining defendants to answer the lawsuit, she also implemented a discovery plan for the case, under which Covarrubias will receive disclosure of all documents relevant to any party's claims or defenses. These objections are without merit.

Covarrubias complains at length that he was the victim of retaliation, explaining that his right to be free from retaliation was "obstructed" by the defendants. He states that "not because these defendants had any retaliatory animus, but because their acts of making false statements during the state's proceedings covered up Wallace's act of retaliation." The Magistrate Judge stated that Covarrubias' claim that Wallace, and possibly Wilson and Obrigbo, retaliated against him requires further judicial proceedings.

To the extent that Covarrubias claims that any of the other named defendants retaliated against him, his claim is without merit. As the Magistrate Judge stated, Covarrubias did not make any retaliatory motive on the part of these persons clear, and Covarrubias expressly says "not because these defendants had any retaliatory animus ..." An intent to retaliate is an essential element of a retaliation claim. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997). This objection is without merit.

Next, Covarrubias argues that his claim of conspiracy should be allowed to go forward because various defendants conspired to make false statements in the disciplinary proceedings against him. As the Magistrate Judge stated, no case has held that the making of a false statement during a disciplinary proceeding itself violates any right protected by the Constitution or laws of the United States. Covarrubias' argument that this alleged conspiracy prevented a full and open disclosure of facts crucial to his cause of action, as well as relief in his favor at the administrative level, is creative but unavailing. This objection is without merit.

Covarrubias further states that he set out a Fourth Amendment claim, but that he believes that the claim may have been construed as an Eighth Amendment cruel and unusual punishment claim. In his complaint, he expresses his Fourth Amendment claims as being an "unreasonable seizure" caused by the use of chemical agents and his being tackled by the defendants. These claims are properly analyzed under the Eighth Amendment's prohibition against cruel and unusual punishment; the application of Fourth Amendment standards to excessive force cases is proper in the context of an arrest or investigatory stop of a free citizen, a circumstance which does not exist in this case. *See* Graham v. Conner, 490 U.S. 386, 394-95 (1989). The Magistrate Judge did not err, and Covarrubias' claim on this point is without merit.

Covarrubias goes on to object to the Magistrate Judge's dismissal of Gladney and Chamberlain for failing to intervene, saying that "it is enough to allege facts that these defendants did not try to prevent, or did not try to stop, or tried to prevent or stop but did not try as hard as [they] should have, the violation from occurring." He states that "an inference of time to intervene existed prior to, during, or after the aggregate use of force." Covarrubias concedes that "there may be times when a defendant cannot, physically, due to factors not in one's control" intervene, or that there may be times when "it is advantageous not to physically attempt to stop the violation from occurring or continuing," but nonetheless argues that it is a "question for the factfinder to answer in light of the circumstances." Based upon Covarrubias' pleadings and testimony, the Magistrate Judge concluded that Gladney and Chamberlain did not have authority to intervene in the incident and did not have a realistic opportunity to intervene even if they did have the authority to do so. Covarrubias' objections fail to show that the Magistrate Judge erred in this regard.

Covarrubias states that during the time that he was assaulted, other inmates were being assaulted by guards, supervisors were not readily available, recently hired correctional officers were in control of cell blocks and did not know what to do, and staff shortages were common. This lawsuit concerns the alleged use of force on Covarrubias on April 26, 2010, and he cannot raise claims regarding alleged violations of other persons' rights. *See* Coon v. Ledbetter, 780 F.2d 1158,

1159 (5th Cir. 1986) (persons claiming a deprivation of constitutional rights are required to show a deprivation of their personal rights). This objection is without merit.

At one point in his objections, Covarrubias suggests that the unknown person who tackled him might have been Sgt. Johnson; however, his pleadings and testimony indicate that Johnson had left before the use of force, and he indicates in his complaint that he was tackled by three persons, stating that "these two [Wallace and Wilson] plus Obrigbo then tackled Plaintiff piling on top of him constricting his breathing." The Magistrate Judge ordered these three individuals - Wallace, Wilson, and Obrigbo - to answer the lawsuit. Covarrubias has not shown that this decision was in error.

Covarrubias next returns to the conspiracy issue, arguing that the intra-corporate conspiracy doctrine does not bar his claim because the actions of the individual defendants were not sanctioned by TDCJ. Even were this argument correct, Covarrubias goes on to argue that the defendants "failed to adhere to policy which required them to give complete, accurate, and truthful statements in the proceedings complained of." A conspiracy to violate TDCJ policy and to give false statements in a prison disciplinary proceeding does not amount to a constitutional violation even were it not barred by the intracorporate conspiracy doctrine, because neither violations of prison policy nor the giving of such false statements are themselves constitutional violations. The Fifth Circuit has stated that to recover on a claim of a conspiracy, there must be an actual deprivation of a constitutional right; a mere conspiracy to deprive is insufficient. Villanueva v. McInnis, 723 F.2d 414, 418 (5th Cir. 1984). This objection is without merit.

Next, Covarrubias asserts a "substantive due process" claim in the fact that he was convicted in the disciplinary hearing based upon "false testimony." He asserts that this was a "failure to perform a mandatory non-discretionary statutory or regulatory duty" which "arbitrarily deprives Plaintiff of an entitlement in violation of substantive due process requirements." The Magistrate Judge correctly determined that the punishment imposed in the disciplinary case did not deprive Covarrubias of any constitutionally protected liberty interests under Sandin v. Conner, 115 S.Ct.

2293, 2300 (1995) and Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000). Covarrubias' objection on this point is without merit.

Covarrubias objects to the Magistrate Judge's characterization of counsel substitutes as "non-state actors," arguing that private conduct may engender liability under Section 1983 if the person is "a willing participant in joint action with the State or its agents." While this statement may be correct as a matter of abstract law, Covarrubias has offered nothing to show that his counsel substitute was a "willing participant in joint action." Even if his counsel substitute could somehow be held liable under Section 1983, Covarrubias has not shown that any action taken by his counsel substitute deprived him of a right protected by the Constitution or laws of the United States, in light of the fact that the disciplinary proceeding did not deprive him of a constitutionally protected liberty interest. This objection is without merit.

Finally, Covarrubias argues that the failure to resolve grievances in his favor can amount to a constitutional violation where the responses to his grievances "were formulated with litigation in mind." The Fifth Circuit has expressly held that prisoners have no liberty interest in having grievances resolved to their satisfaction, and Covarrubias cannot evade this case simply by supposing that the actions taken on his grievances and letters was done with litigation in mind. *See* Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005). This objection is without merit.

The Court has conducted a careful *de novo* review of the Plaintiff's pleadings and testimony and the Initial Report of the Magistrate Judge. Upon such review, the Court has determined that the Initial Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Initial Report of the Magistrate Judge (docket no. 18) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's claims against the Defendants Officer Gladney, Officer Chamberlain, Sgt. Johnson, Captain McDowell, counsel substitute B. Childress, Wardens Robert Herrera and B. Gordy, central grievance coordinator C. Lawson, and the unknown defendants are

hereby DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted.  28 U.S.C. §1915A.  The dismissal of these claims and parties shall not count as a strike for purposes of 28 U.S.C. §1915(g) unless otherwise ordered by the Court, and shall have no effect upon the Plaintiff's claims against officers Wallace, Wilson, and Obrigbo.

    **It is SO ORDERED.**

    **SIGNED this 6th day of November, 2012.**

    _____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE