IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAIME COVARRUBIAS | § | |
| v. | § | CIVIL ACTION NO. 6:12cv156 |
| VICTORIA WALLACE, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON PLAINTIFF'S MOTION TO AMEND PARTIAL JUDGMENT

The Plaintiff Jaime Covarrubias, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Covarrubias complained of an alleged use of force incident which occurred on April 26, 2010. After an evidentiary hearing, the Magistrate Judge ordered three of the Defendants, Wallace, Obrigbo, and Wilson, to answer the lawsuit, and recommended that the remaining Defendants be dismissed. This recommendation was adopted by the Court on November 6, 2012.

Covarrubias then filed a motion for reconsideration of this decision. He also asked that he be allowed to take an interlocutory appeal. On February 4, 2013, the Magistrate Judge issued a Report recommending that Covarrubias' motion be denied. The Magistrate Judge also recommended that leave to take an interlocutory appeal be denied. Covarrubias filed objections to the Report on February 25, 2013.

In his objections, Covarrubias first complains that some of his claims were not addressed. The first of these allegedly unaddressed claims is that Obrigbo and Wilson were deliberately

1

indifferent to his safety, although he concedes that the Magistrate Judge addressed his claim that these defendants assisted Wallace in the use of force. These two contentions are essentially coterminous. This objection is without merit.

Second, Covarrubias argues that he is raising a Fourth Amendment claim. He acknowledges that this is not a reference to the use of force itself; instead, Covarrubias argues that "a correctional officer should not be allowed to unreasonably stop an offender with the intent of harassing or hurting the prisoner." The Fourth Amendment's protections against unreasonable searches and seizures, which is already significantly limited in the prison setting, *see* Elliott v. Lynn, 38 F.3d 188, 190-91 (5th Cir. 1994), does not extend so far. Covarrubias' claim on this point is without merit.

Covarrubias next states that the defendants Gladney and Chamberlain were deliberately indifferent to his safety by not radioing for help or yelling at Wallace to stop using excessive force. A statement by Officer Chamberlain said that she did not see anything, and Officer Gladney did radio for help when she saw Wallace struggling with Covarrubias. Even assuming that that Chamberlain did see the incident, as Covarrubias maintains, he has failed to set out a cause of action for deliberate indifference because he has not shown that Chamberlain and Gladney, who were in the picket, knew of and disregarded an excessive to Covarrubias' health or safety; the fact that they may have seen a struggle between Wallace and Covarrubias does not by itself show such knowledge. Similarly, Covarrubias has not set out a claim of bystander liability against Chamberlain or Gladney because such a claim requires that the officer (1) knows that a fellow officer is violating an individual's constitutional rights, (2) has a reasonable opportunity to prevent harm, and (3) chooses not to act. *See* Randall v. Prince George's County, Maryland, 302 F.3d 188, 203-04 (4th Cir.2002). Covarrubias has not shown that Gladney or Chamberlain knew that Wallace was violating Covarrubias' constitutional rights . These objections are without merit.

Covarrubias appears to allege that Sgt. Johnson is the "John Doe" defendant whom he says failed to monitor his subordinates. Covarrubias stated that Johnson had left the area before the use of force occurred, and the first Report by the Magistrate Judge concluded that Johnson was not

2

deliberately indifferent to Covarrubias' safety. Covarrubias has failed to set out a claim against Johnson based on a theory of failure to train or supervise. His objection on this point is without merit.

Next, Covarrubias asserts that the crux of his conspiracy claim is the allegation that he was the victim of retaliation, apparently asserting that the object of the conspiracy was to diminish his chances of obtaining relief for a constitutional violation. He also contends that the intra-corporate conspiracy doctrine does not bar a claim when employees act out of individual motivations, citing a district court case from Oklahoma, but as the Magistrate Judge stated, the weight of authority in the Fifth Circuit is that the intra-corporate conspiracy doctrine does apply when defendants who are part of the same entity are sued in their individual capacities. This objection is without merit.

Covarrubias also asserts that the Magistrate Judge erred by focusing on the punishment imposed at the disciplinary hearing, arguing that "when a person is punished for exercising a constitutional right a liberty interest is implicated." Covarrubias overlooks the Supreme Court's holding in Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995), instead citing Walton v. Alexander, 44 F.3d 1297 (5th Cir. 1997), a case holding that a state school for the deaf had no constitutional duty to protect a voluntary resident from assault by a fellow student. Besides being off point, Walton pre-dates Sandin. This objection is without merit.

Covarrubias next argues that his grievances provided the Defendants with "sufficient information to engender personal involvement" and that the failure on the part of the grievance personnel to "grasp the implications of the internal inconsistencies in their subordinates' submissions raises a reasonable inference that they acquiesced in their contrivances to occult [sic] the truth." Although Covarrubias engages in convoluted reasoning to argue otherwise, his complaint on this point is in essence that he filed grievances which were not resolved to his satisfaction, and so the Defendants should be personally liable because his grievances gave them the needed information and the Defendants should have believed what Covarrubias told them instead of what the officers reported. Covarrubias' objection on this point is without merit.

3

Finally, Covarrubias objects to the Magistrate Judge's recommendation that he be denied leave to file an interlocutory appeal. He has not shown that the order of partial dismissal involves a controlling question of law as to which there is substantial ground for difference of opinion, nor that an immediate appeal of the order would materially advance the ultimate termination of the litigation. This objection is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 30) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's motion for reconsideration (docket no. 28) is hereby DENIED. Finally, it is

ORDERED that the Plaintiff's motion for leave to take an interlocutory appeal (docket no. 29) is DENIED.

**It is SO ORDERED.**

**SIGNED this 6th day of March, 2013.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE